**Aristides DUARTE, Petitioner,**

v.

**Paul DIPAOLO, Respondent.**

**No. Civ.A. 98–10745–WGY.**

United States District Court,
D. Massachusetts.

March 5, 1999.

Willie J. Davis, Davis, Robinson & White, Boston, MA, for Aristides Duarte, Petitioner.

Gregory I. Massing, Attorney General's Office, Boston, MA, for Paul L. DiPaolo, Superintendent at MCI–Norfolk, respondent.

## MEMORANDUM AND ORDER

YOUNG, Chief Judge.

### I. *Introduction*

Aristides Duarte ("Duarte") petitions this Court for habeas corpus relief pursuant to 28 U.S.C. § 2254. Duarte contends that his convictions in state court for first degree murder and assault and battery violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution because (1) the trial judge failed to instruct the jury on the requirement of knowledge; (2) the trial judge instructed the jury that the prosecution was not required to prove his precise conduct; (3) the trial judge failed to instruct the jury to give separate, personal consideration to each individual defendant; (4) the trial judge failed to instruct the jury on the assessment of credibility of witnesses who may have had an interest in the outcome of the case; and (5) the trial judge denied Duarte's motion for a mistrial after the prosecutor allegedly injected sympathy into the trial. The Commonwealth now moves to dismiss Duarte's petition on the ground that he has not exhausted available state remedies.

### II. *Background*

On January 14, 1993, a jury convicted Duarte of first degree murder as well as assault and battery with a dangerous weapon. The court sentenced Duarte to life imprisonment for the murder conviction and to a concurrent term of three to five years for the assault and battery conviction. The Supreme Judicial Court affirmed Duarte's conviction on July 28, 1997. *See Commonwealth v. Barros,* 425 Mass. 572, 682 N.E.2d 849 (1997). Duarte filed this habeas petition on May 27, 1998.

### III. *Discussion*

■ A federal court will not entertain a petition for habeas relief unless the petitioner has fully exhausted his or her state remedies with respect to each and every claim contained within the petition. *See, e.g., Adelson v. DiPaola,* 131 F.3d 259, 261 (1st Cir.1997). The exhaustion principle ensures that state courts have the first opportunity to address alleged constitutional errors in their own courts. *See Mele v. Fitchburg District Court,* 850 F.2d 817, 819 (1st Cir.1988). In order to fulfill the exhaustion requirement, the petitioner must have presented his or her federal claims to the state's highest tribunal within "the four corners" of his or her application for further appellate review. *Adelson,* 131 F.3d at 263. The burden is on the petitioner to show the fair presentation of the federal claim to the state court, "and it is a heavy one." *Nadworny v. Fair,* 872 F.2d 1093, 1098 (1st Cir.1989).

Because each and every claim in Duarte's petition must satisfy the exhaustion requirement, *see Adelson,* 131 F.3d at 261, the Court addresses his five claims seriatim.

### A. *Claim One: Instruction on Knowledge*

■ Duarte contends that he expressed his first claim—that the trial judge failed to instruct the jury on the requirement of knowledge—"in no uncertain terms to the Supreme Judicial Court as a due process claim." Pet.Mem. at 2. The relevant section of. the brief Duarte submitted to the Supreme Judicial Court, however, was entirely devoid of reference to the Due Process Clause, or any other provision of the United States Constitution. *See* Def.Mem.Ex. 1 at 41–47. Duarte's brief does not cite a single federal case; further, none of the four state cases on which Duarte relies contains an analysis of federal law. *See id.* Under these cir-

cumstances, the Court concludes that Duarte has not exhausted his due process claim with respect to the knowledge instruction. *See Adelson,* 131 F.3d at 263 (holding due process claim not exhausted where petitioner cited no federal cases, constitutional provisions, or state cases analyzing federal law).[1]

### B. Claim Two: Instruction on Precise Conduct

■■ As to Duarte's second claim, he alleged in his brief to the Supreme Judicial Court that "this instruction served to deprive the defendant of due process" because "the Commonwealth was relieved of the burden of proving the defendant guilty beyond a reasonable doubt based upon his own acts and words." Def.Mem.Ex. 1 at 48. Unlike his first claim, Duarte tendered his second claim to the state court "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Scarpa v. DuBois,* 38 F.3d 1, 6 (1st Cir.1994). Duarte expressly cited a specific constitutional provision (the Due Process Clause) and claimed a determinate right that is constitutionally protected (to be convicted by evidence beyond a reasonable doubt),[2] both of which are accepted methods for hurdling the exhaustion bar. *See Nadworny,* 872 F.2d at 1098. Accordingly, this Court holds that Duarte has exhausted his state court remedies with respect to the trial judge's instruction concerning precise conduct.

### C. Claim Three: Instruction on Separate Consideration

■ The federal nature of Duarte's third claim is even more apparent. The sub-heading for the section of his brief addressing this claim states that "[r]efusal to instruct the jury to consider the defendant's case separate from the co-defendants was constitutional error." Def. Mem.Ex. 1 at 48. He further alleged that "[t]o convict the defendant based upon conduct of another would violate both the Due Process Clause of the Federal Constitution and Article XII." *Id.* at p. 50. This language was sufficient to alert a reasonable judge that Duarte's claim sounded in federal law. *See Nadworny,* 872 F.2d at 1098; *Dyer,* 749 F.2d at 86–87 (holding the exhaustion requirement fulfilled when petitioner referred to the Fourteenth Amendment and the right to due process).

### D. Claim Four: Instruction on Witness Credibility

■ In regard to his fourth claim, that the trial judge improperly instructed the jury on witness credibility, Duarte's brief to the Supreme Judicial Court cites two federal cases. *See* Def.Mem.Ex. 1 at 51. Reliance on federal constitutional precedent is one method by which a petitioner may fulfill the exhaustion requirement. *See Nadworny,* 872 F.2d at 1098. Duarte first relies on *United States v. Dwyer,* 843 F.2d 60 (1st Cir.1988), which contains no analysis of constitutional law. He also cites *Lannon v. Hogan,* 719 F.2d 518 (1st Cir.1983), a habeas case in which the First Circuit considered whether a state trial judge's instructions violated the defendant's due process rights. This citation, however, is insufficient to fulfill the exhaustion requirement, as it is merely "an

---

1. The mere inclusion of the phrase "Due Process" in the caption to the jury instruction section of Duarte's brief does not satisfy the exhaustion requirement as to this claim. "[T]he mere incantation of constitutional buzzwords, unaccompanied by any federal constitutional analysis, does not suffice to carry the burden of demonstrating fair presentment of a federal claim." *Adelson,* 131 F.3d at 263; *accord Dyer v. Ponte,* 749 F.2d 84, 87 (1st Cir.1984) ("[C]ounsel would be well advised in the future not to rely on a passing reference to a constitutional provision without supporting federal argument and without citations to federal authorities.").

2. The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

isolated federal law bloom in a garden thick with state-law references...." *Nadworny*, 872 F.2d at 1101; *see also id.* ("There is more to a petitioner's burden than simply citing a federal case or two.").

Accordingly, this Court holds that Duarte did not exhaust his state court remedies with respect to his fourth claim.

### E. *Claim Five: Prosecutor's Injection of Sympathy*

In his final claim, Duarte asserts that the trial judge should have ordered a mistrial because the prosecutor attempted to elicit sympathy for the victim during closing arguments. In his brief to the Supreme Judicial Court, the heading for the relevant section alleges that "[t]he trial judge committed error of constitutional proportion" by denying Duarte's motion for a mistrial. Def.Mem.Ex 1 at 56. In the summation to this section, Duarte reiterates that the prosecutor's comment "was an error of constitutional proportion." *Id.* at 59. Duarte does not specify the constitutional provision he believes to have been violated. These generalized references to constitutional error do not, by themselves, fulfill the exhaustion requirement. *See Gagne v. Fair*, 835 F.2d 6, 7–8 (1st Cir. 1987) (holding that one reference to a constitutional violation in the section heading and one reference in the body of the argument, without more, did not meet the exhaustion standard).

Moreover, Duarte does not cite a single federal case to support his claim. He relies on three Massachusetts state court cases, *see* Def.Mem.Ex. 1 at 58, of which only one, *Commonwealth v. Johnson*, 420 Mass. 458, 650 N.E.2d 1257 (1995), contains an analysis of federal constitutional law.[3] *Johnson* discusses the reliability test for out-of-court identifications set forth in *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). That issue, however, is en-

tirely irrelevant to Duarte's claim of inappropriate injection of sympathy by the prosecutor. A petitioner only fulfills the exhaustion requirement by reliance on "*appropriate* federal precedent." *Nadworny*, 872 F.2d at 1101 (emphasis added). *Manson* is not appropriate federal precedent in Duarte's case, because it has no bearing on the resolution of his asserted claim. Accordingly, this Court concludes that Duarte has not exhausted his state court remedies with respect to his fifth asserted claim.

### IV. *Conclusion*

For the foregoing reasons, this Court holds that Duarte has failed to satisfy the exhaustion requirement with respect to his first, fourth, and fifth claims for relief, and that Duarte has fulfilled the exhaustion requirement with respect to his second and third claims. The Supreme Court has ruled, however, that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Accordingly, the Court GRANTS the Commonwealth's motion to dismiss Duarte's petition for habeas corpus. Duarte retains the option of returning to state court to exhaust the first, fourth, and fifth claims, or of amending his petition to proceed solely on his second and third claims. *See id.* at 510, 102 S.Ct. 1198.

---

3. A petitioner may fulfill the exhaustion requirement by citing state court decisions that interpret federal law. *See Nadworny*, 872 F.2d at 1101–02.